1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10

11      KIM BLANDINO,                              Case No. 2:22-cv-00170-RFB-NJK

12                     Petitioner,                               **ORDER**

13             v.

14      JOSEPH LOMBARDO, et al.,

15                     Respondents.

16

17             This is a habeas corpus action under 28 U.S.C. § 2241.  Petitioner has filed an emergency

18      motion to immediately stay state criminal trial (ECF No. 4).  Petitioner insisted that the court needed

19      to act by 5:00 p.m. on March 2, 2022.  Although the motion is docketed as filed on that date, it was

20      not actually entered into the court's docket until March 7, 2022.  The motion thus is moot, because

21      the court no longer can grant the relief that petitioner seeks.

22             Even if the motion reached the court in time for the court to do something, the court still

23      would deny the motion.  Petitioner claims that the trial would violate his rights under the Double

24      Jeopardy Clause of the Fifth Amendment, because he already has been punished for the crimes

25      charged.  However, what petitioner calls "punishment" is pre-trial confinement and house arrest.

26      In truth, petitioner has not yet been punished for the offenses charged, assuming that petitioner has

27      been found guilty.  Nor, based upon petitioner's statements, has he been tried on these same charges

28

                                                          1

1  previously. Petitioner thus has failed to demonstrate a possible violation of the Double Jeopardy

2  Clause.

3      The court also has reviewed the petition (ECF No. 1) and supporting memorandum (ECF

4  No. 1-1) under Rules 4 and 1(b) of the Rules Governing Section 2254 Cases in the United States

5  District Courts. The supporting memorandum includes the double-jeopardy claim that the court

6  has rejected above. ECF No. 1-1 at 19. Petitioner's claims in the petition itself all are variations

7  on the deprivation of the right to represent himself. ECF No. 1 at 6. Petitioner's other claims in

8  the supporting memorandum are that he is being deprived of his right to file a habeas corpus petition

9  in the state courts, that the prosecution of him is in bad faith, that he was deprived of his right to a

10 speedy trial, and that the Nevada Supreme Court is procrastinating. ECF No. 1-1 at 17-27. Because

11 the double-jeopardy claim is without merit, petitioner can litigate all the remaining claims in the

12 state courts before turning to federal court. This court needs to abstain from interfering with the

13 ongoing state-court criminal action. Younger v. Harris, 401 U.S. 37, 45-46 (1971).

14     Reasonable jurists would not find the court's determinations to be debatable or wrong, and

15 the court will not issue a certificate of appealability.

16     IT THEREFORE IS ORDERED that the emergency motion to immediately stay state

17 criminal trial (ECF No. 4) is **DENIED**.

18     IT FURTHER IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is

19 **DENIED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

20     IT FURTHER IS ORDERED that a certificate of appealability will not issue.

21     DATED: March 10, 2022.

22

23     _____
       RICHARD F. BOULWARE, II
       United States District Judge

24

25

26

27

28

2